**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-1927

ELDER ANTONIO RAMIREZ-MARTINEZ,

                Petitioner,

        v.

LORETTA E. LYNCH, Attorney General,

                Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  October 19, 2016        Decided:  November 18, 2016

Before WILKINSON, WYNN, and FLOYD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Himedes V. Chicas, JEZIC & MOYSE, LLC, Silver Spring, Maryland; Ben Winograd, IMMIGRANT & REFUGEE APPELLATE CENTER, LLC, Alexandria, Virginia, for Petitioner.  Benjamin C. Mizer, Principal Deputy Assistant Attorney General, John S. Hogan, Assistant Director, Matthew A. Spurlock, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elder Antonio Ramirez-Martinez, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's denial of his requests for withholding of removal and protection under the Convention Against Torture.[*]

We have thoroughly reviewed the record, including the transcript of Ramirez-Martinez's merits hearing and all supporting evidence. We conclude that the record evidence does not compel a ruling contrary to any of the administrative factual findings, see 8 U.S.C. § 1252(b)(4)(B) (2012), and that substantial evidence supports the Board's decision. See Gomis, 571 F.3d at 359.

Accordingly, we deny the petition for review for the reasons stated by the Board. See In re Ramirez-Martinez (B.I.A. Aug. 7, 2014). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED

---

[*] Ramirez-Martinez does not challenge the denial of his asylum claim as untimely, and in any event, we lack jurisdiction to review this finding. See 8 U.S.C. § 1158(a)(3) (2012); Gomis v. Holder, 571 F.3d 353, 358-59 (4th Cir. 2009).